IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCUS HENDERSON,<br><br>                  Petitioner,<br><br>v.<br><br>DEPARTMENT OF CORRECTION, et al.,<br><br>                  Respondents. | CIVIL ACTION<br>NO. 13-4779 |

**OPINION**

**Slomsky, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**June 22, 2015**

## I.　　INTRODUCTION

Before the Court is the pro se Petition of Marcus Henderson ("Petitioner"), a state prisoner, for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 3), and a Motion for Stay and Abeyance (Doc. No. 12). On January 30, 2015, Magistrate Judge Henry S. Perkin issued a Report and Recommendation (the "R&R") recommending that the Petition and the Motion for Stay and Abeyance be denied. (Doc. No. 14.) On March 2, 2015, Petitioner filed his Objections to the R&R in a document titled "Motion in Oppsotion [sic] to the Report and Recommendation." (Doc. No. 17.) The Court has reviewed all pertinent filings and documents, and for reasons that follow, the Court will adopt the R&R denying the Petition and also deny Petitioner's Motion for Stay and Abeyance.[1]

---

[1] For purposes of this Opinion, the Court has considered the pro se Petition for Writ of Habeas Corpus (Doc. No. 3), Respondents' Answer to the Petition (Doc. No. 8), Petitioner's Reply to Respondents' Answer (Doc. No. 11), Petitioner's Motion for Stay and Abeyance (Doc. No. 12), Judge Perkin's R&R (Doc. No. 14), Petitioner's Objections (Doc. No. 17), Respondents' Brief in Opposition to Petitioner's Objections (Doc. No. 19), and all other pertinent documents.

1

## II. BACKGROUND

The following facts are taken from the R&R:[2]

On December 5, 2001, Petitioner was sentenced by Philadelphia County Court of Common Pleas Judge Sheila Woods-Skipper to a term of three to six years imprisonment for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance ("State Court Case 1").[3] Commonwealth v. Marcus Henderson, No. CP-51-CR-1107752-2001. Petitioner's effective date of sentencing was December 3, 2001. (Doc. No. 8, Ex. A.) As calculated by the Pennsylvania Department of Corrections, the original minimum and maximum dates for this conviction were December 3, 2004 and December 3, 2007, respectively. (Id.) After serving approximately three years in prison, on December 5, 2004, the Pennsylvania Board of Probation and Parole [] paroled Petitioner from his sentence.

On October 5, 2007, the Philadelphia Police Department arrested Petitioner for new criminal charges, stemming from drug offenses that occurred on October 4, 2007 ("State Court Case 2"). Commonwealth of Pennsylvania v. Marcus Henderson, No. CP-51-CR-0000555-2008. As a result of this arrest and subsequent charges, [] the Parole Board declared Petitioner [a delinquent parole violator] effective October 4, 2007. (Doc. No. 8, Ex. A.) [Petitioner was incarcerated as a delinquent parole violator in this case on August 17, 2011.] (Doc. No. 8, Ex. C.) Petitioner was ordered to serve 1,029 days of back time, which gave rise to a new maximum sentence date of June 12, 2014 [for State Court Case 1].[4] (Id.)

In addition to the October 2007 arrest and subsequent conviction [which required Petitioner to serve back time], [the Court notes] that Petitioner had several other

---

[2] The factual background taken from the R&R has been altered slightly to include additional and modified citations to comply with this Court's citation format. Any additions to the factual background are reflected by text contained in brackets.

[3] Petitioner's habeas Petition involves an analysis of the interplay among four state criminal cases and a decision of the Pennsylvania Parole Board. For ease of reference, the Court will refer to Petitioner's state court criminal cases as "State Court Case 1," "State Court Case 2," etc. Petitioner was also sentenced in a federal criminal case.

[4] Petitioner was in custody during the time period between October 5, 2007, the date of Petitioner's arrest, and August 18, 2011, the date Petitioner was declared to be a delinquent parole violator and ordered to serve his back time. It appears from the record that Petitioner was arrested in October 2007 and held in custody on his subsequent criminal cases until August 18, 2011—the date that Petitioner was ordered to begin serving back time by the Pennsylvania Parole Board for the parole violation in State Court Case 1. (Doc. No. 8, Ex. D at 2.)

criminal matters brought against him on both the federal and state levels. On October 7, 2010, United States District Judge Timothy J. Savage sentenced Petitioner to a term of imprisonment of sixty-six months for federal weapons offenses ("Federal Court Case 1"). United States v. Marcus Henderson, No. 09-R-00240-1 (E.D. Pa. 2010).

On March 23, 2011, Philadelphia County Court of Common Pleas Judge Ramy I. Djerassi sentenced Petitioner to a term of two to four years imprisonment for aggravated assault with bodily injury to a police officer ("State Court Case 3"). Commonwealth of Pennsylvania v. Marcus Henderson, CP-51-CR-0006511-2009. For this state conviction, Petitioner's minimum [sentence] date was March 23, 2013, and his maximum date [was] March 23, 2015. This sentence was ordered to be served concurrently with his federal conviction. (Doc. No. 8, Ex. F.)

[On March 24, 2011, Judge Djerassi also sentenced Petitioner as follows in two other cases: (1) on State Court Case 2 discussed above, two to four years for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance; and (2) on case number CP-51-CR-0001592-2009 ("State Court Case 4"), two to four years both for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance to run concurrently with two to four years for criminal conspiracy. The sentences from State Court Case 2 and State Court Case 4 were to run concurrently making his minimum sentence date March 24, 2013 and his maximum date March 24, 2015. The two to four year sentences for these crimes were to run consecutively to Petitioner's sentence for Federal Court Case 1.]

On August 16, 2013, [] Petitioner filed with this Court a pro se Petition for Writ of Habeas Corpus. (Doc. No. 1.) Having reviewed this initial Petition, [this Court] found, inter alia, that Petitioner did not use the current standard form as is required in our District. (Doc. No. 2.) For this reason, the Court, in an Order dated October 30, 2013, directed that the Clerk of Court furnish Petitioner with a blank copy of the Court's current standard form for habeas corpus relief, and instructed Petitioner to complete the current form and return it for filing. (Id.)

On December 4, 2013, Petitioner filed his revised pro se Petition for Writ of Habeas Corpus. (Doc. No. 3.) In so doing, Petitioner avers that he is being impermissibly held beyond his original maximum date of December 3, 2007 [from his sentence relating to State Court Case 1]. More specifically, Petitioner avers that the Board's action to extend his maximum sentence date to June 12, 2014 violated his due process rights. (Doc. No. 11. at 1.) For purposes of exhaustion, Petitioner contends that he challenged the Board's action giving him a new maximum sentence date of June 12, 2014 [as a result of his parole violation in October 2007] by writing multiple letters to his institution's records department, his prison counselor, the Clerk of Courts, and the [Parole] Board. Petitioner also avers that he filed a prison grievance dated August 2, 2012. (Doc. No. 3 at 4.)

3

> On December 16, 2013, this case was referred to [Magistrate Judge Henry S. Perkin] by [this Court] for preparation of a Report and Recommendation. (Doc. No. 4.) . . . . Respondents filed their Answer to [the] Petition for Writ of Habeas Corpus on January 31, 2014. (Doc. No. 8.) Respondents contend that Petitioner's application should be dismissed as unexhausted and meritless. Petitioner filed a Reply on March 27, 2014. (Doc. No. 11.)
>
> On September 15, 2014, Petitioner filed a Motion for Stay and Abeyance. (Doc. No. 12.) In his [M]otion [], Petitioner states that he filed a "Writ of Mandamus" to the Commonwealth Court of Pennsylvania dated September 10, 2014 in an effort to exhaust his "claims regarding his sentence calculation, re-sentencing issues relative of parole and continued incarceration." (Doc. No. 12 at 1.) A review of the Commonwealth Court of Pennsylvania docket, however, shows that Petitioner's Petition for a Writ of Mandamus was dismissed on September 24, 2014 for lack of original jurisdiction. See Commonwealth Court of Pennsylvania Docket No. 489 MD 2014.

(Doc. No. 14 at 2-5.) On January 30, 2015, Magistrate Judge Perkin issued the R&R concluding that Petitioner had failed to exhaust his claim with the state court and that his claim is meritless. (Doc. No. 14 at 7-8.) On March 2, 2015, after the Court granted Petitioner an extension to file his Objections, Petitioner filed a Response in Opposition to the R&R. (Doc. No. 17.) On March 4, 2015, Respondents filed their Reply. (Doc. No. 19.) For reasons that follow, the Court will adopt the R&R denying the Petition and also deny Petitioner's Motion for Stay and Abeyance.

### III. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief. Any party may file objections in response to the magistrate judge's Report and Recommendation. Id. § 636(b)(1)(C). Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions." Id. "[I]t must

be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also 28 U.S.C. § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation. Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012). Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter. Salve Regina College v. Russell, 499 U.S. 225, 238 (1991). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

IV. ANALYSIS

    A. **Petitioner's Habeas Petition Will Be Denied**

In his habeas Petition, Petitioner contends that he is being impermissibly held beyond the original maximum sentence date set in State Court Case 1 of December 3, 2007. Specifically, Petitioner argues that the Parole Board violated his due process rights when it recalculated his maximum sentence date to June 12, 2014 after he violated the terms of his parole. (See Doc. No. 3.) In recommending that Petitioner's Petition be denied, Magistrate Judge Perkin found that

Petitioner's claim for relief was not properly exhausted and therefore not properly before the court, and that in any event Petitioner's claim was meritless. (Doc. No. 14 at 5-10.)

### 1. Petitioner's Objections to the R&R

Petitioner's pro se Objections do not specifically object to any portion of the R&R. In fact, Petitioner's only mention of Judge Perkin's R&R in his Objections is the following statement: "[t]he Magistrate failed to show was [sic] [P]etitioner detained prior to sentence [sic] as well as if any time was credited to said sentences." (Id. at 2.) Rather than "specifically identify the portions of the proposed findings, recommendations or report" to which Petitioner objects, Petitioner instead introduced new issues and evidence in his Objections. Savior, 2012 WL 4206566, at *1. In particular, Petitioner argues that he was not given credit for time served for the following dates: (1) from August 4, 2001—the date of his arrest for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance—to December 5, 2001, the date of his sentencing on those charges in State Court Case 1; (2) from April 2, 1999 to May 21, 1999; and (3) from July 9, 1999 to August 31, 1999.[5] (Doc. No. 17 at 1.)

Petitioner's new argument that he was not given credit for time served in 1991 and 2001 while he was incarcerated pending sentencing is not properly before the Court. It is well established that a petitioner may not include arguments in his objections that were not included in his petition. See Ramos v. Kyler, No. Civ. A. 03-2051, 2004 WL 828363, at *5 (E.D. Pa. Apr. 12, 2004) (finding that "the purpose of the Magistrate's Act would be frustrated if we were to require a district court to consider a claim presented for the first time after the party has fully

---

[5] In his Petition, Petitioner argues that his due process rights were violated when the Parole Board recalculated his sentence relating to State Court Case 1 in 2001. The Court has no information regarding any arrests or sentences that occurred before 2001 so the significance of the dates in 1999 are unknown to the Court.

6

litigated his claims before the magistrate judge and found that they were unsuccessful" (citing Bolar v. Blodgett, No. 93-35326, 1994 WL 374194, at *1 (9th Cir. July 18, 1994)); see also McCalvin v. Mooney, No. 14-cv-572, 2014 WL 7008584, at *5 (E.D. Pa. Dec. 11, 2014) (stating that because petitioner's Eighth Amendment argument was first raised in his objections to the report and recommendation, "[p]etitioner may not raise th[e] claim at this time"); Grasty v. Wenerowicz, No. 10-1470, 2013 WL 373164, at *1 (E.D. Pa. Jan. 31, 2013) (explaining that where petitioner failed to present an argument before the magistrate judge, the argument was not properly before the district court upon review of the report and recommendation); Stromberg v. Varano, No. 09-401, 2012 WL 2849266, at *2 (E.D. Pa. July 11, 2012) (finding that "[t]he [c]ourt is not required to consider the new arguments raised, for the first time, in [p]etitioner's Objections to the R&R").

Here, Petitioner did not propose in his Petition that his constitutional rights were violated when he was not credited with time served between the dates of: (1) August 4, 2001 to December 5, 2001; (2) April 2, 1999 to May 21, 1999; and (3) July 19, 1999 to August 31, 1999. (Doc. No. 17 at 1.) Because analyzing the merits of these arguments would "frustrate[]" the purpose of the Magistrate's role, the Court will not review the new claims made in Petitioner's Objections. Ramos, 2004 WL 828363, at *5.

### 2. The Magistrate correctly analyzed the Petition

In addition, to the extent that Petitioner disagrees generally with the R&R, the Court will adopt the Magistrate Judge's findings and find that the Petition contains an unexhausted and meritless claim.

### a. Petitioner has not exhausted available state court remedies

The first reason Petitioner's claim fails is because he has "failed to pursue, let alone exhaust, his available state court remedies." (Doc. No. 14 at 17.) Under 28 U.S.C. § 2241, a petitioner must first submit all of his claims to the state's intermediate court and then to its supreme court before presenting them in a habeas petition to a federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999). This requirement ensures that a habeas petitioner's claims were "fairly presented" to the state court. Broshtein v. Horn, 404 F.3d 700, 725 (3d Cir. 2005). Thus, "a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." Id. (internal quotations and citations omitted). "In other words, the petitioner must afford the state system 'the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief.'" Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010).

Here, Petitioner failed to challenge the constitutionality of his recalculated sentence following his parole violation in state court. According to Petitioner, he has not raised these claims with the state court, but has instead written letters to the prison's records department, to his prison counselor, to the Clerk of Courts, and to the Parole Board. (Doc. No. 3.) Although Petitioner did file a Writ of Mandamus in state court on September 10, 2014, a review of the docket shows that the court dismissed it on September 25, 2014 for lack of original jurisdiction. Petitioner has not pursued any other relief in state court concerning the claims made in his Petition aside from those already described. In fact, Petitioner admits that he has not fulfilled the exhaustion requirement but argues that exhaustion does not apply to his case. (Doc. No. 11 at 1.)

As explained above, Petitioner is required to present his claims to the state courts before requesting relief from the federal court. See O'Sullivan, 526 U.S. at 845 (stating that "state

prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's . . . appellate review process" before presenting the claims to the federal courts). Having failed to pursue his state court remedies here, the Magistrate Judge properly dismissed Petitioner's Petition for failure to exhaust his state court remedies.

### b. Petitioner's claim is meritless

The second reason the habeas Petition fails is because his claim is without merit. In his Petition, Petitioner argues that the Parole Board violated his due process rights when it recalculated his maximum sentence from December 3, 2007 to June 12, 2014 following his parole violation in State Court Case 1. (Doc. No. 11 at 1.) This argument is unpersuasive.

On December 5, 2001, Petitioner was sentenced to serve three to six years in State Court Case 1. According to the Pennsylvania Department of Corrections' calculations, Petitioner's effective date of sentencing was December 3, 2001, making his minimum date of confinement December 3, 2004, and his maximum date of confinement December 3, 2007. (Doc. No. 8, Ex. A.)

On December 5, 2004, Petitioner was paroled by the Pennsylvania Board of Probation. On October 4, 2007, Petitioner violated the terms of his parole and the Parole Board declared him delinquent effective October 4, 2007. (Doc. No. 8, Ex. A.) The Parole Board did not declare that Petitioner was a delinquent parole violator until March 24, 2011—the date of Petitioner's sentencing in State Court Case 2. The reason for this delay was because Petitioner was incarcerated during this time in his other criminal cases—specifically, State Court Case 2, State Court Case 3, State Court Case 4, and Federal Court Case 1. Petitioner was returned to

custody on August 18, 2011 in order to serve the remainder of his sentence in the case identified as State Court Case 1. (Doc. No. 8, Ex. C.)

Under Pennsylvania law, when a parolee violates parole and is ordered to be recommitted, the "parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and . . . [except in certain circumstances] shall be given no credit for the time at liberty on parole." 68 Pa. Cons. Stat. Ann. § 6138(a)(2) (West 2013). When Petitioner was paroled on December 5, 2004, there were still 1093 days until the maximum sentence date of December 3, 2007 in State Court Case 1. As described above, Petitioner was required to "serve the remainder of the term which the parolee would have been compelled to serve" in the event that a parolee violates parole.

Here, Petitioner violated his parole and was compelled to serve the 1093 days of "back time" starting from August 18, 2011—the date Petitioner was returned to custody for this violation. In accordance with Pennsylvania law, he did not receive credit for the time he spent at liberty on parole. See Palmer v. Pa. Bd. of Prob. and Parole, 704 A.2d 195, 197 (Pa. Commw. Ct. 1997) ("[A] parolee who has recommitted as a convicted parole violator automatically forfeits the time spent on parole.").

Furthermore, in the Order Recommitting Petitioner as a result of this violation, the Board of Probation and Parole noted that Petitioner had served sixty-four days in confinement related to State Court Case 1, thus reducing his owed back time from 1093 to 1029 days. One thousand twenty-nine days from August 18, 2011 is June 12, 2014—the maximum sentence date announced by the Parole Board. (Doc. No. 8, Ex. C.)

As demonstrated by these calculations, the Parole Board accurately calculated the new maximum sentence on State Court Case 1 following Petitioner's parole violation. Thus,

Petitioner's due process rights were not violated when his maximum sentence was recalculated to end on June 12, 2014.[6] Accordingly, the Magistrate Judge correctly determined that the Petitioner's Petition should be dismissed for the additional reason that it is meritless.

### B. Petitioner's Motion for Stay and Abeyance

Also before the Court is Petitioner's Motion for Stay and Abeyance. (Doc. No. 12.) In the Motion, Petitioner asserts that he filed a Writ of Mandamus with the Commonwealth Court of Pennsylvania. (Id. at 1.) The purpose of Petitioner's Motion was to stay resolution of his habeas proceeding in this Court until a ruling was made in his state court case involving the Writ of Mandamus. (Id. at 2.) Because the state court dismissed Petitioner's Writ of Mandamus and because Petitioner's habeas claim is without merit, the Court will deny Petitioner's Motion for Stay and Abeyance.

The United States Supreme Court permits a federal court to stay and abey federal habeas proceedings while a petitioner exhausts his unexhausted claims in state court. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). The Supreme Court has advised that a district court should stay a petition when a petitioner shows "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

As noted above, Petitioner's Writ of Mandamus in state court was dismissed on September 24, 2014. Additionally, Petitioner's claim is meritless as noted in the preceding section. Accordingly, the Court agrees with the Magistrate Judge's determination that it would

---

[6] At the end of Petitioner's sentence on State Court Case 1, he will start the sentences imposed in State Court Case 2, and 4. Those sentences will run consecutively to his federal sentence in Federal Court Case 1 while the sentence imposed in State Court Case 3 runs concurrently to the sentence in Federal Court Case 1.

not be proper to stay the Petition when there is no proceeding before the state court and where the Petition is clearly unmeritorious.

### C. A Certificate of Appealability Will Not Issue

A district court shall issue a certificate of appealability only if a petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court concludes that Petitioner has not made such a showing with respect to his habeas Petition. Therefore, a certificate of appealability will not issue.

## V. CONCLUSION

Thus, for all the foregoing reasons, the Court will adopt the Magistrate Judge's Report and Recommendation and will also deny Petitioner's Motion for Stay and Abeyance. An appropriate Order follows.